**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

MOLLIE ZWEIG,

                               Plaintiffs,

       v.

                                          Civil Action No.:

                                          _____

BANKERS STANDARD INSURANCE COMPANY,

                              Defendant.

-----------------------------------------------------------------------X

<u>**NOTICE OF REMOVAL OF CIVIL ACTION**</u>

       1.       Defendant, BANKERS STANDARD INSURANCE COMPANY  ("Defendant"), are named defendants in an action commenced by plaintiff MOLLIE ZWEIG ("Plaintiff"), in New York State Supreme Court, Suffolk County captioned *MOLLIE ZWEIG v. BANKERS STANDARD INSURANCE COMPANY*, Index No. 64687/13 ("the state court action").  A copy of Plaintiff's Summons and Complaint is annexed hereto as **Exhibit "A."**

       2.       Upon information and belief, Plaintiff purchased an index number in the state court action at the Suffolk County Clerk's office on December 18, 2013.

       3.       Upon information and belief, Plaintiff served upon the New York State Department of Financial Services, an agent authorized to accept service on behalf of Defendant, a copy of the Summons and Complaint on December 24, 2013.  Thus, this Notice of Removal is being timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within 30 days of service to Defendant's agent.

4.      As set forth in Plaintiff's Summons and Verified Complaint in the state court action, Plaintiff's cause of action is for breach of a residential homeowners' insurance policy issued by Defendant to Plaintiff.

5.      Plaintiff seeks monetary damages in an amount not less than $222,243.12.

7.      Plaintiff is a New York resident domiciled in New York.

8.      Defendant is a Pennsylvania corporation, with its principal place of business in Pennsylvania.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and because there exists complete diversity between the two parties.

10.      Venue is proper in this Court pursuant to 28 U.S.C. §112(b) because it is the district and division embracing the place where such action in pending in accordance with 28 U.S.C. §1441(a).

11.      No previous application has been made for the relief requested herein.

12.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the New York Supreme Court, Suffolk County.  The Notice of Filing Notice of Removal is attached as **Exhibit "B."**

**WHEREFORE**, Defendant, BANKERS STANDARD INSURANCE CO., respectfully requests that the state court action be removed to the United States District Court for the Eastern District of New York, and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

Dated:  New York, New York
        January 23, 2014

                                                              Respectfully submitted,

                                                              **FORAN GLENNON PALANDECH PONZI &**
                                                              **RUDLOFF PC**

                                                              Charles J. Rocco, Esq.
                                                              Malcolm J. Reilly, Esq.
                                                              Mara Hsiung, Esq.
                                                              Attorneys for Defendant
                                                              *BANKERS STANDARD INSURANCE CO.*
                                                              120 Broadway, Suite 1130
                                                              New York, New York 10271
                                                              (212) 257-7100
                                                             crocco@fgppr.com
                                                             mreilly@fgppr.com
                                                             mhsiung@fgppr.com

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
01/06/2014
CT Log Number 524160231

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

TO:     Saverio Rocca, Corporate Counsel
        ACE Group
        436 Walnut Street, 2nd Floor WA02C
        Philadelphia, PA 19106

RE:     **Process Served in New York**

FOR:    Bankers Standard Insurance Company (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mollie Zweig, Pltf. vs. Bankers Standard Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Notice(s), Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Suffolk County: Supreme Court, NY<br>Case # 06468713 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Contract - Seeking $222,243.12 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/06/2014 postmarked on 01/02/2014 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Laura M. Maletta<br>Weg and Myers, P.C.<br>52 Duane Street<br>New York, NY 10007<br>212-227-4210 |
| **REMARKS:** | Papers were served on the New York State Department of Financial Services on December 24, 2013. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/06/2014, Expected Purge Date: 01/11/2014<br>Image SOP<br>Email Notification, Adrienne Logan ADRIENNE.LOGAN@acegroup.com<br>Email Notification, Marie Morrill marie.morrill@acegroup.com<br>Email Notification, Pamela Martin pamela.martin@acegroup.com<br>Email Notification, Angela Jay angela.jay@acegroup.com<br>Email Notification, Darlene Schneider darlene.schneider@acegroup.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Mara Velasco<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011<br>212-590-9070 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**NEW YORK STATE**
# DEPARTMENT *of*
# FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY  12257

neopost
01/02/2014
US POSTAGE
$01.32

Melissa Fox c/o CT Corporation System
Bankers Standard Insurance Company
111 Eighth Avenue
New York NY 10011

 NEW YORK STATE
**DEPARTMENT** *of*
FINANCIAL SERVICES

| Andrew M. Cuomo | Benjamin M. Lawsky |
|---|---|
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of SUFFOLK

064687/13

Mollie Zweig                                         Plaintiff(s)

against

                                                     Defendant(s)

Bankers Standard Insurance Company

RE :Bankers Standard Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on December 24, 2013 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Weg and Myers, P.C.
Federal Plaza
52 Duane Street
New York, New York 10007

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Melissa Fox c/o CT Corporation System
Bankers Standard Insurance Company
111 Eighth Avenue
New York, New York 10011

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, December 31, 2013
538318

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** <u>SUFFOLK</u>
-----------------------------------------------------x

MOLLIE ZWEIG,

               Plaintiff(s)/Petitioner(s),          Index No.  <u>064687/13</u>

     - against -

BANKERS STANDARD INSURANCE COM

             Defendant(s)/Respondent(s).
-----------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## <u>SUPREME COURT CASES</u>

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned

above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing

System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described

below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can

electronic service be made upon a party unless that party has consented to use of the System for the case in question.

Each party served with this Notice must promptly file with the court and serve on all other parties either a consent

or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2

below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with

the County Clerk and the court and served, between or among consenting parties, by posting the documents on the

NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to

use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge

to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card

on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have

been promulgated by the court in question, and  the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1.    Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.    Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.    Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.    For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 12/24/13

_____ (Signature)

LAURA M MALETTA _____ (Name)

WEG AND MYERS, P.C. _____ (Firm)

52 DUANE STREET _____ (Address)

NEW YORK, NY 10007 _____

Attorney(s) for PLAINTIFF _____

212-227-4210 _____ (Phone)

212-349-6702 _____ (Fax)

lmaletta@wegandmyers.com (E-mail)

2/11/13

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------------X
MOLLIE ZWEIG,

Index No.: 064687/13

                            Plaintiff,

**SUMMONS**

        -against-

Plaintiff designates Suffolk
County as the place of
trial.

BANKERS STANDARD INSURANCE COMPANY,

The basis of the venue is
Plaintiff's Residence:
11 West End Road

                        Defendant.

East Hampton, NY 11937
-----------------------------------------------------------------------------X

To the above named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       December 18, 2013

Defendant(s) address:

WEG AND MYERS, P.C.
Attorney for Plaintiff

Bankers Standard Insurance Company
c/o Department of Financial Services

Federal Plaza
52 Duane Street
New York, New York 10007
(212) 227-4210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------------X

MOLLIE ZWEIG,

|  |  |
|---|---|
| Plaintiff, | Index No.: 064687/13 |
| -against- | **COMPLAINT** |
| BANKERS STANDARD INSURANCE COMPANY, | |
| Defendant. | |

---------------------------------------------------------------------------X

Plaintiff MOLLIE ZWEIG (hereinafter "Plaintiff"), by her attorneys WEG AND MYERS, P.C., as for her Complaint herein alleges as follows:

## PARTIES

1.      At all times hereinafter mentioned, Plaintiff MOLLIE ZWEIG was and is an individual over the age of 18 residing in the Suffolk County of the State of New York.

2.      At all times hereinafter mentioned, Defendant BANKERS STANDARD INSURANCE COMPANY (hereinafter "Defendant") was and is a foreign corporation duly organized and existing under and by virtue of the laws of Pennsylvania, having its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania, 19106.

3.      At all times hereinafter mentioned, Defendant was and is duly authorized by the Department of Financial Services of the State of New York to issue policies of insurance including the policy issued herein.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

4.      Prior to October 29, 2012, Plaintiff procured from Defendant, for good and valuable consideration, a certain policy of insurance bearing number 268-04-49-65 (hereinafter

2

"Subject Policy") with effective dates of February 23, 2012 to February 23, 2013, wherein and whereby it insured Plaintiff's property and interests located at 11 West End Road, East Hampton, New York 11937 (hereinafter "Subject Premises") against all risks of physical loss or damage, including, *inter alia*, windstorm.

5.       In issuing and delivering the Subject Policy, Defendant impliedly warranted and covenanted that it would act in good faith in handling all claims made by Plaintiff.

6.       At all relevant times herein, Plaintiff had an insurable interest in the property located at the Subject Premises.

7.       On or about October 29, 2012, while the Subject Policy was in full force and effect, Plaintiff suffered losses due to wind damage at the Subject Premises.

8.       Specifically, on or about October 29, 2012, as a result of Superstorm Sandy strong wind gusts impacted the Subject Premises and damaged Plaintiff's property.

9.       Plaintiff timely notified Defendant of her loss and complied with all conditions precedent required under the terms and conditions of the Subject Policy.

10.      On or about March 11, 2013, Defendant issued payment in the amount of $55,088.74 for wind related damages.

11.      The amount of damages the Subject Premises sustained due to wind related damage was an amount in excess of $55,088.74.

12.      Notwithstanding these facts, Defendant has failed to completely reimburse Plaintiff for the covered losses in accordance with the terms and conditions of the Subject Policy and thereby breached the terms and conditions of the Subject Policy.

3

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### (Breach of Contract – Dwelling)

13.　　Plaintiff repeats and re-alleges paragraphs "1" through "12", with the same force and effect as if set forth at length herein.

14.　　On or about October 29, 2012, while the Subject Policy was in full force and effect, Plaintiff suffered damage to her property as a result of wind damage which is a covered loss under the Subject Policy.

15.　　As a result of the aforementioned loss and after taking into account the partial payment issued by Defendant, Plaintiff sustained loss and damage to her dwelling in an amount to be determined but believed to be $222,243.12.

16.　　Although Plaintiff duly submitted a claim to Defendant under the Subject Policy and fully cooperated with Defendant, Defendant has failed to completely indemnify Plaintiff for her loss.

17.　　Defendant's failure to completely indemnify Plaintiff for her loss constitutes a breach of contract.

18.　　As a result of Defendant's breach, Plaintiff has sustained unreimbursed damages in an amount to be determined but believed to be $222,243.12.

19.　　It was within the contemplation of Defendant when it issued the instant policy that its failure to timely adjust, settle and/or indemnify Plaintiff would result in Plaintiff sustaining consequential damages and damages beyond the limits of the Subject Policy.

20.　　Defendant's failure to completely indemnify Plaintiff and its repeated delays in adjusting, settling, and/or indemnifying Plaintiff for the aforementioned losses constitutes a breach of the covenant of good faith and fair dealing.

4

21.     As a result of Defendant's breach, Defendant has admittedly caused Plaintiff to incur consequential damages, including legal costs and fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Judgment in an amount to be determined but believed to be $222,243.12, plus interest thereon from October 29, 2012, and consequential damages in an amount to be determined, together with costs and disbursements of this action;

(b) For such other and further relief as to which this Court deems just and proper.

Dated: New York, New York
       December 18, 2013

                                        WEG AND MYERS, P.C.

                                        *Attorneys for Plaintiff*

                                        Laura M. Maletta
                                        Federal Plaza
                                        52 Duane Street
                                        New York, New York 10007
                                        (212) 227-4210

*Index No.* 064687/13      *Year*   2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

MOLLIE ZWEIG

Plaintiff,

\-   against –

BANKERS STANDARD INSURANCE COMPANY,

Defendant.

SUMMONS AND COMPLAINT

## *Weg and Myers, P.C.*
*Attorneys for Plaintiff*

Federal Plaza
52 Duane Street
New York, N.Y. 10007
(212) 227-4210

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:   December 18, 2013          Signature

Print Signer's Name_____Laura M. Maletta_____

Service of a copy of the within

Dated:                                    _____
                                           *Attorney(s) for*

PLEASE TAKE NOTICE

☐

Notice of        that the within is a (certified true copy of a
Entry            entered in the office of the clerk of the within named Court on

☐

Notice of        that an Order of which the within is a true copy will be presented for
Settlement       settlement to the Hon.                              one of the judges
                 of the within named Court, at
                 on                              , at                    M.

Dated:                                    *Weg and Myers, P.C.*

                                          Attorneys for

                                          Federal Plaza
                                          52 Duane Street
                                          New York, NY 10007

TO

Attorney(s) for

# Exhibit B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-----------------------------------------------------------------------X

MOLLIE ZWEIG,                                                    Index No.:   64687/13

                              Plaintiff,

                v.                                              <u>**NOTICE OF FILING OF**</u>
                                                                <u>**NOTICE OF REMOVAL**</u>

BANKERS STANDARD INSURANCE COMPANY,

                              Defendant.

-----------------------------------------------------------------------X

**TO THE CLERK:**

               **PLEASE TAKE NOTICE** that the above-captioned action has been removed to

the United States District Court for the Eastern District of New York.  A copy of the Notice of

Removal, filed with the United States District Court on January 23, 2014 is attached hereto as

**Exhibit "A"** for filing with this Court.

               **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1446(d), the

filing of the Notice of Removal with the District Court effects the removal of this action, and this

Court shall proceed no further unless and until this action is remanded.

Dated:  New York, New York
         January 23, 2014

                              Respectfully submitted,

                              **FORAN GLENNON PALANDECH PONZI &**
                              **RUDLOFF P.C.**

                              Charles J. Rocco, Esq.
                              Malcolm J. Reilly, Esq.
                              Mara Hsiung, Esq.
                              Attorneys for Defendant
                              *BANKERS STANDARD INSURANCE CO.*

                                       1

120 Broadway, Suite 1130
New York, New York 10271
(212) 257-7100
crocco@fgppr.com
mreilly@fgppr.com
mhsiung@fgppr.com


TO:    Laura M. Maletta
        WEG AND MYERS, P.C.
        Federal Plaza
        52 Duane Street
        New York, New York 10007
        (212) 227-4210
        lmaletta@wegandmyers.com

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

MOLLIE ZWEIG,

                                   Plaintiffs,

           v.

                                                    Civil Action No.:

                                                 _____

BANKERS STANDARD INSURANCE COMPANY,

                                   Defendant.

------------------------------------------------------------------------X

<u>**NOTICE OF REMOVAL OF CIVIL ACTION**</u>

      1.     Defendant, BANKERS STANDARD INSURANCE COMPANY ("Defendant"), are named defendants in an action commenced by plaintiff MOLLIE ZWEIG ("Plaintiff"), in New York State Supreme Court, Suffolk County captioned *MOLLIE ZWEIG v. BANKERS STANDARD INSURANCE COMPANY*, Index No. 64687/13 ("the state court action"). A copy of Plaintiff's Summons and Complaint is annexed hereto as **Exhibit "A."**

      2.     Upon information and belief, Plaintiff purchased an index number in the state court action at the Suffolk County Clerk's office on December 18, 2013.

      3.     Upon information and belief, Plaintiff served upon the New York State Department of Financial Services, an agent authorized to accept service on behalf of Defendant, a copy of the Summons and Complaint on December 24, 2013. Thus, this Notice of Removal is being timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within 30 days of service to Defendant's agent.

1

4.      As set forth in Plaintiff's Summons and Verified Complaint in the state court action, Plaintiff's cause of action is for breach of a residential homeowners' insurance policy issued by Defendant to Plaintiff.

5.      Plaintiff seeks monetary damages in an amount not less than $222,243.12.

7.      Plaintiff is a New York resident domiciled in New York.

8.      Defendant is a Pennsylvania corporation, with its principal place of business in Pennsylvania.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and because there exists complete diversity between the two parties.

10.      Venue is proper in this Court pursuant to 28 U.S.C. §112(b) because it is the district and division embracing the place where such action in pending in accordance with 28 U.S.C. §1441(a).

11.      No previous application has been made for the relief requested herein.

12.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the New York Supreme Court, Suffolk County.  The Notice of Filing Notice of Removal is attached as **Exhibit "B."**

**WHEREFORE**, Defendant, BANKERS STANDARD INSURANCE CO., respectfully requests that the state court action be removed to the United States District Court for the Eastern District of New York, and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

2

Dated:  New York, New York
        January 23, 2014

                                           Respectfully submitted,

                                           **FORAN GLENNON PALANDECH PONZI &
RUDLOFF PC**

                                           Charles J. Rocco, Esq.
                                           Malcolm J. Reilly, Esq.
                                           Mara Hsiung, Esq.
                                           Attorneys for Defendant
                                           *BANKERS STANDARD INSURANCE CO.*
                                           120 Broadway, Suite 1130
                                           New York, New York 10271
                                           (212) 257-7100
                                           crocco@fgppr.com
                                           mreilly@fgppr.com
                                           mhsiung@fgppr.com

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
01/06/2014
CT Log Number 524160231

||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:** Saverio Rocca, Corporate Counsel
ACE Group
436 Walnut Street, 2nd Floor WA02C
Philadelphia, PA 19106

**RE:** **Process Served in New York**

**FOR:** Bankers Standard Insurance Company (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Mollie Zweig, Pltf. vs. Bankers Standard Insurance Company, Dft.

**DOCUMENT(S) SERVED:** Letter, Notice(s), Summons, Complaint, Attachment(s)

**COURT/AGENCY:** Suffolk County: Supreme Court, NY
Case # 06468713

**NATURE OF ACTION:** Insurance Litigation - Breach of Contract - Seeking $222,243.12

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, New York, NY

**DATE AND HOUR OF SERVICE:** By Regular Mail on 01/06/2014 postmarked on 01/02/2014

**JURISDICTION SERVED :** New York

**APPEARANCE OR ANSWER DUE:** Within 30 days after the service is complete

**ATTORNEY(S) / SENDER(S):** Laura M. Maletta
Weg and Myers, P.C.
52 Duane Street
New York, NY 10007
212-227-4210

**REMARKS:** Papers were served on the New York State Department of Financial Services on December 24, 2013.

**ACTION ITEMS:** CT has retained the current log, Retain Date: 01/06/2014, Expected Purge Date: 01/11/2014
Image SOP
Email Notification, Adrienne Logan ADRIENNE.LOGAN@acegroup.com
Email Notification, Marie Morrill marie.morrill@acegroup.com
Email Notification, Pamela Martin pamela.martin@acegroup.com
Email Notification, Angela Jay angela.jay@acegroup.com
Email Notification, Darlene Schneider darlene.schneider@acegroup.com

**SIGNED:** C T Corporation System
**PER:** Mara Velasco
**ADDRESS:** 111 Eighth Avenue
13th Floor
New York, NY 10011
**TELEPHONE:** 212-590-9070

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY 12257

neopost
01/02/2014
US POSTAGE $01.32

Melissa Fox c/o CT Corporation System
Bankers Standard Insurance Company
111 Eighth Avenue
New York NY 10011



NEW YORK STATE
## DEPARTMENT *of*
## FINANCIAL SERVICES

| | |
|---|---|
| Andrew M. Cuomo | Benjamin M. Lawsky |
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of SUFFOLK

064687/13

Mollie Zweig                                                        Plaintiff(s)

against

Defendant(s)

Bankers Standard Insurance Company

RE :Bankers Standard Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on December 24, 2013 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Weg and Myers, P.C.
Federal Plaza
52 Duane Street
New York, New York 10007

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Melissa Fox c/o CT Corporation System
Bankers Standard Insurance Company
111 Eighth Avenue
New York, New York 10011

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, December 31, 2013
 538318

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK
--------------------------------------------------------x

MOLLIE ZWEIG,

                   Plaintiff(s)/Petitioner(s),          Index No.  064687/13

          - against -

BANKERS STANDARD INSURANCE CON

                Defendant(s)/Respondent(s).
--------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

       PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

       Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 12/24/13

_____ (Signature)

LAURA M MALETTA _____ (Name)

WEG AND MYERS, P.C. _____ (Firm)

52 DUANE STREET _____ (Address)

NEW YORK, NY 10007 _____

Attorney(s) for PLAINTIFF _____

212-227-4210 _____ (Phone)

212-349-6702 _____ (Fax)

lmaletta@wegandmyers.com (E-mail)

2/11/13

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------------X
MOLLIE ZWEIG,

                                  Plaintiff,

              -against-

BANKERS STANDARD INSURANCE COMPANY,

                             Defendant.
---------------------------------------------------------------------------X

Index No.: 064687/13

**SUMMONS**

Plaintiff designates Suffolk County as the place of trial.

The basis of the venue is Plaintiff's Residence:
11 West End Road
East Hampton, NY 11937

To the above named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       December 18, 2013

Defendant(s) address:

Bankers Standard Insurance Company
c/o Department of Financial Services

WEG AND MYERS, P.C.
Attorney for Plaintiff
Federal Plaza
52 Duane Street
New York, New York 10007
(212) 227-4210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
MOLLIE ZWEIG,

Index No.: 064687/13

                     Plaintiff,

-against-
                                         **COMPLAINT**

BANKERS STANDARD INSURANCE COMPANY,

                     Defendant.
-------------------------------------------------------------------------X

       Plaintiff MOLLIE ZWEIG (hereinafter "Plaintiff"), by her attorneys WEG AND MYERS, P.C., as for her Complaint herein alleges as follows:

### PARTIES

    1.       At all times hereinafter mentioned, Plaintiff MOLLIE ZWEIG was and is an individual over the age of 18 residing in the Suffolk County of the State of New York.

    2.       At all times hereinafter mentioned, Defendant BANKERS STANDARD INSURANCE COMPANY (hereinafter "Defendant") was and is a foreign corporation duly organized and existing under and by virtue of the laws of Pennsylvania, having its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania, 19106.

    3.       At all times hereinafter mentioned, Defendant was and is duly authorized by the Department of Financial Services of the State of New York to issue policies of insurance including the policy issued herein.

### FACTS RELEVANT TO ALL CAUSES OF ACTION

    4.       Prior to October 29, 2012, Plaintiff procured from Defendant, for good and valuable consideration, a certain policy of insurance bearing number 268-04-49-65 (hereinafter

2

"Subject Policy") with effective dates of February 23, 2012 to February 23, 2013, wherein and whereby it insured Plaintiff's property and interests located at 11 West End Road, East Hampton, New York 11937 (hereinafter "Subject Premises") against all risks of physical loss or damage, including, *inter alia*, windstorm.

5.        In issuing and delivering the Subject Policy, Defendant impliedly warranted and covenanted that it would act in good faith in handling all claims made by Plaintiff.

6.        At all relevant times herein, Plaintiff had an insurable interest in the property located at the Subject Premises.

7.        On or about October 29, 2012, while the Subject Policy was in full force and effect, Plaintiff suffered losses due to wind damage at the Subject Premises.

8.        Specifically, on or about October 29, 2012, as a result of Superstorm Sandy strong wind gusts impacted the Subject Premises and damaged Plaintiff's property.

9.        Plaintiff timely notified Defendant of her loss and complied with all conditions precedent required under the terms and conditions of the Subject Policy.

10.        On or about March 11, 2013, Defendant issued payment in the amount of $55,088.74 for wind related damages.

11.        The amount of damages the Subject Premises sustained due to wind related damage was an amount in excess of $55,088.74.

12.        Notwithstanding these facts, Defendant has failed to completely reimburse Plaintiff for the covered losses in accordance with the terms and conditions of the Subject Policy and thereby breached the terms and conditions of the Subject Policy.

3

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### (Breach of Contract – Dwelling)

13.     Plaintiff repeats and re-alleges paragraphs "1" through "12", with the same force and effect as if set forth at length herein.

14.     On or about October 29, 2012, while the Subject Policy was in full force and effect, Plaintiff suffered damage to her property as a result of wind damage which is a covered loss under the Subject Policy.

15.     As a result of the aforementioned loss and after taking into account the partial payment issued by Defendant, Plaintiff sustained loss and damage to her dwelling in an amount to be determined but believed to be $222,243.12.

16.     Although Plaintiff duly submitted a claim to Defendant under the Subject Policy and fully cooperated with Defendant, Defendant has failed to completely indemnify Plaintiff for her loss.

17.     Defendant's failure to completely indemnify Plaintiff for her loss constitutes a breach of contract.

18.     As a result of Defendant's breach, Plaintiff has sustained unreimbursed damages in an amount to be determined but believed to be $222,243.12.

19.     It was within the contemplation of Defendant when it issued the instant policy that its failure to timely adjust, settle and/or indemnify Plaintiff would result in Plaintiff sustaining consequential damages and damages beyond the limits of the Subject Policy.

20.     Defendant's failure to completely indemnify Plaintiff and its repeated delays in adjusting, settling, and/or indemnifying Plaintiff for the aforementioned losses constitutes a breach of the covenant of good faith and fair dealing.

4

21.    As a result of Defendant's breach, Defendant has admittedly caused Plaintiff to incur consequential damages, including legal costs and fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Judgment in an amount to be determined but believed to be $222,243.12, plus interest thereon from October 29, 2012, and consequential damages in an amount to be determined, together with costs and disbursements of this action;

(b) For such other and further relief as to which this Court deems just and proper.

Dated: New York, New York
          December 18, 2013

WEG AND MYERS, P.C.

*Attorneys for Plaintiff*

Laura M. Maletta
Federal Plaza
52 Duane Street
New York, New York 10007
(212) 227-4210

*Index No.* 064687/13      *Year*   2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

MOLLIE ZWEIG

Plaintiff,

- against –

BANKERS STANDARD INSURANCE COMPANY,

Defendant.

SUMMONS AND COMPLAINT

## *Weg and Myers, P.C.*
*Attorneys for Plaintiff*

Federal Plaza
52 Duane Street
New York, N.Y. 10007
(212) 227-4210

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:   December 18, 2013                    Signature

Print Signer's Name        Laura M. Maletta

Service of a copy of the within

Dated:

_____
*Attorney(s) for*

PLEASE TAKE NOTICE

☐

Notice of       that the within is a (certified true copy of a
Entry           entered in the office of the clerk of the within named Court on

☐

Notice of       that an Order of which the within is a true copy will be presented for
Settlement      settlement to the Hon.                              one of the judges
                of the within named Court, at
                on                              , at                    M.

Dated:

*Weg and Myers, P.C.*

Attorneys for

Federal Plaza
52 Duane Street
New York, NY 10007

TO

Attorney(s) for

# Exhibit B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-----------------------------------------------------------------------X

MOLLIE ZWEIG,                                                    Index No.:  64687/13

                            Plaintiff,

        v.                                                 **NOTICE OF FILING OF**
                                                 **NOTICE OF REMOVAL**

BANKERS STANDARD INSURANCE COMPANY,

                            Defendant.

-----------------------------------------------------------------------X

**TO THE CLERK:**

       **PLEASE TAKE NOTICE** that the above-captioned action has been removed to the United States District Court for the Eastern District of New York.  A copy of the Notice of Removal, filed with the United States District Court on January 23, 2014 is attached hereto as **Exhibit "A"** for filing with this Court.

       **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal with the District Court effects the removal of this action, and this Court shall proceed no further unless and until this action is remanded.

Dated: New York, New York
       January 23, 2014

                               Respectfully submitted,

                               **FORAN GLENNON PALANDECH PONZI &**
                               **RUDLOFF P.C.**

                               Charles J. Rocco, Esq.
                               Malcolm J. Reilly, Esq.
                               Mara Hsiung, Esq.
                               Attorneys for Defendant

*BANKERS STANDARD INSURANCE CO.*
120 Broadway, Suite 1130
New York, New York 10271
(212) 257-7100
crocco@fgppr.com
mreilly@fgppr.com
mhsiung@fgppr.com


TO:    Laura M. Maletta
       WEG AND MYERS, P.C.
       Federal Plaza
       52 Duane Street
       New York, New York 10007
       (212) 227-4210
       lmaletta@wegandmyers.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2014, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

> Laura M. Maletta
> WEG AND MYERS, P.C.
> Federal Plaza
> 52 Duane Street
> New York, New York 10007
> (212) 227-4210
> lmaletta@wegandmyers.com

8